IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEDDY WAYNE SOLOMON, #25882-077 | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:10-CV-0530-D |
| | § | |
| BARAK OBAMA, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for findings, conclusions and recommendation. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* petition for writ of mandamus brought by a federal prisoner under 28 U.S.C. § 1361.

Parties:  Plaintiff is presently confined at FCI Beaumont Low in Beaumont, Texas. Defendants are President Barak Obama, Attorney General Eric H. Holder, Jr., Jackie England, Brigadier General Rodney L. Johnson, Administrative Joint Chiefs of State Rodney L. Johnson, EPA Administrator Lisa P. Jackson, Assistant Inspector General Thomas F. McLaughlin, and U.S. Magistrate Judge Paul D. Stickney.  No process has been issued in this case pending preliminary screening.

Statement of the Case:  Plaintiff seeks to compel Defendants to "[i]ssue [an] [o]rder for [his] [i]mmediate release and unobstructed freedom . . . ."  (Mot. for Writ of Mandamus at 6.)

He also seeks monetary relief. (*Id.*) Plaintiff is presently serving a 293-month sentence for thirteen counts of mail and wire fraud. *See United States v. Solomon*, 3:98cr299-K (N.D. Tex. Oct. 20, 2000) (Kendall, J.), *aff'd*, 273 F.3d 1108 (5th Cir. 2001) (per curiam). According to Plaintiff, he has exhausted all administrative remedies by filing an "affidavit of truth" with some of the defendants, who in turn failed to respond allegedly in violation of his due process rights. (*Id.* at 4-5.) Plaintiff claims the defendants owe a duty to him, which in turn gives him "standing under the Mandamus Act and underlying Administrative Procedures Act 5 USCS 702(a) as the means of compelling wrongfully withheld Agency Action." (*Id.* at 5.)

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*.[1] His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

---

[1] Since Plaintiff's petition for writ of mandamus does not stem directly from a criminal or habeas corpus proceeding, it is subject to the Prison Litigation Reform Act (PLRA). *Cf. In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (petition for writ of mandamus that arose out of application for post-conviction relief was not subject to PLRA fee payment requirements).

The Mandamus Act, 28 U.S.C. § 1361, vests the district court with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992); *see also United States v. Denson,* 603 F.2d 1143, 1146 (5th Cir. 1979) (A "writ of mandamus is an order directing a public official or public body to perform a duty exacted by law."). It "is an extraordinary remedy for extraordinary causes." *In re Corrugated Container Antitrust Litig. v. Mead Corp.,* 614 F.2d 958, 961-62 (5th Cir.1980) (internal citations and quotations omitted). To obtain the writ, the plaintiff must establish that: (1) he is clearly entitled to the relief requested; (2) the respondent has a clear duty to act; and (3) no other adequate remedy is available. *Herbert v. Exxon Corp.,* 953 F.2d 936, 938-39 (5th Cir. 1992); *In re Sessions*, 672 F.2d 564, 566 (5th Cir. 1982). The issuance of the writ is within the court's discretion. *Denson,* 603 F.2d at 1146.

Even when liberally construed, in light of his *pro se* status, Plaintiff's pleadings do not present an arguable basis for the exercise of mandamus jurisdiction. Plaintiff cannot establish a clear right to be released from confinement. *See Dunn-McCampbell Royalty Interest, Inc. v. National Park Serv.,* 112 F.3d 1283, 1288 (5th Cir. 1997) (mandamus is available only where the plaintiff has a "clear and certain" right to relief); *Giddings v. Chandler,* 979 F.2d 1104, 1108 (5th Cir. 1992) (the defendant must owe a duty "so plainly prescribed as to be free from doubt" -- that is, a duty imposed by statute or the Constitution -- to perform a specific, nondiscretionary act).

Plaintiff stands convicted of mail and wire fraud, for which he is serving a 293 month sentence. *See United States v. Solomon*, 3:98cr299-K (N.D. Tex. Oct. 20, 2000) (Kendall, J.), *aff'd*, 273 F.3d 1108 (5th Cir. 2001) (unpublished per curiam). His numerous post-conviction

3

challenges were unsuccessful.  *See United States v. Solomon*, 3:10-CV-0066-K (N.D. Tex. Jan. 25, 2010) (findings and recommendation) (summarizing Plaintiff's post-conviction history which included four motions to vacate sentence, three of which were successive; a petition for writ of error coram nobis; a Rule 60(b) motion for relief from judgment; and a § 3582(c) motion to modify term of imprisonment).  Having failed to allege a clear and indisputable right to relief, the petition for writ of mandamus lacks an arguable basis in law and should be dismissed as frivolous.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of mandamus be dismissed with prejudice as frivolous.  *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

Signed this 2nd day of April, 2010.

_WM. F. Sanderson, Jr._
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.